UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| URSULA KLAUSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:21-cv-1524 |
| | ) |
| ROCHE DIABETES CARE, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Ursula Klause, brings this action against Defendant, Roche Diabetes Care, Inc., for unlawfully violating her rights protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (hereinafter "Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621, et seq., and the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq. and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.

**PARTIES**

2. At all times relevant to this action, Klause resided within the Southern District of Indiana.

3. Defendant Roche Diabetes Care, Inc. is a corporation which has its North American headquarters in and does business within the Southern District of Indiana.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. §626, 42 U.S.C. § 12117 and 29 U.S.C. § 2617(a)(2).

5. Klause was an "employee" as that term is defined by the Title VII, 42 U.S.C. § 2000e(f), the ADEA, 29 U.S.C. §630(b) the ADA, 42 U.S.C. § 12111(4) and the FMLA, 29 U.S.C. § 2611(2)(a),

6. Defendant is an "employer" as that term is defined by Title VII, 42 U.S.C. § 2000e(b), the ADEA, 29 U.S.C. §630(b), the ADA, 42 U.S.C. § 12111(5)(A) and the FMLA, 29 U.S.C. § 2611(4)(a).

7. Klause exhausted her administrative remedies by filing a charge numbered 470-2020-02915 with the U.S. Equal Employment Opportunity Commission against Defendant, and receiving the appropriate notice of suit rights. Klause files the instant matter within ninety (90) days of receipt of said notice.

8. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Plaintiff Ursula Klause, a female Caucasian of German nationality was employed as a scientist by precursors to Defendant, Roche Diabetes Care, Inc., beginning on or about September 1, 1995.

10. Since January 1, 2019, Defendant has employed fifty (50) or more employees within a seventy-five (75) mile radius of the facility at which Plaintiff worked.

11. Plaintiff worked one thousand two hundred fifty (1,250) hours in the twelve (12) month period preceding January 1, 2019.

12. Plaintiff worked one thousand two hundred fifty (1,250) hours in the twelve (12) month period preceding December 20, 2019.

13. Since August 16, 2019, Mrs. Klause has worked as Global Head of Research & Development Chemistry and Biology, leading a team of about 57 employees, 2/3rds of whom are located in Mannheim, Germany.

14. Klause's work performance met or exceeded the Defendant's legitimate expectations at all relevant times.

15. Klause is a qualified individual with disabilities and/or has a record of disabilities and/or is perceived by Respondent to be disabled as these terms are defined by the Americans with Disability Act ("ADA") as amended. Klause is able to perform all of the essential functions of her position with or without a reasonable accommodation.

16. Mrs. Klause took leave under the FMLA from December 20, 2019 to February 3, 2020.

17. One of Klause's two direct reports in Mannheim took early retirement, effective May 31, 2020. This critical position was posted in February 2020 with the goal to fill it as soon as possible.

18. Mrs. Klause discussed the best path forward with Defendant's Human Resources Department in Mannheim, and they decided to plan to meet the most promising candidates face-to-face during either the week of April 27 or May 11, 2020.

19. Due to the Covid-19 pandemic, the R&D leadership meeting in France was cancelled at the end of March. Mrs. Klause cancelled her flights within Europe, but kept the international flights pending further developments around lockdowns and contact limits in Germany.

20. On April 16, 2020, Mrs. Klause first discussed her planned travel with her manager, Global Head of R&D and Digital Christophe Mauge, by informing him of her planned travel as work from home rules were set to be lifted in Mannheim on May 3.

21. Mauge responded by directing Mrs. Klause not to book any travel, as it needed to be reviewed and assessed. Mrs. Klause responded that she had already booked the trip, that as a German citizen she could enter Germany, that Mannheim had less restrictive site access rules than Indianapolis, and that she had a few more calls with HR the following week and would cancel thereafter if the trip didn't make sense. She also asked Mauge what the travel assessment and review process was, as she had not heard of it. Mauge responded only that Safety and Health would be informed of and would question any activities outside of business critical requirements.

22. Mrs. Klause worked with her administrator regarding changes to her reservation made by the airline. She told Mrs. Klause that no one was aware of a total travel ban and that Safety could not provide any approval process for travel.

23. On April 23-4 the in-person interviews were scheduled with three applicants for May 14-5. On April 30, 2020, after Mrs. Klause learned that HR personnel would not be allowed on the

Mannheim campus, HR personnel and reviewers, including Mrs. Klause, decided to attend the interviews remotely.

24. On May 26, 2020, Defendant terminated Mrs. Klause without warning, purportedly due to violating company policy with regards to travel.

25. Klause was fifty-seven (57) years of age at the time Defendant terminated her.

26. Defendant has treated similarly-situated non-German and/or younger employees, and/or employees who were not disabled and/or did not take FMLA more favorably.

27. Klause has been harmed by Defendant's unlawful actions, including but not limited to, financial loss, embarrassment, humiliation, and emotional distress.

## LEGAL ALLEGATIONS
### Count I: National Origin Discrimination

28. Plaintiff hereby incorporates paragraphs one (1) through twenty-seven (27) of her Complaint.

29. Defendant took adverse employment actions against Plaintiff because of her national origin.

30. Similarly-situated individuals who are not German have been treated more favorably by Defendant and have not been subject to the same adverse employment actions as Plaintiff.

31. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

## Count II: Age Discrimination

32. Klause incorporates paragraphs one (1) through thirty-one (31) of her Complaint herein.

33. Defendant intentionally and willfully discriminated against Klause because of her age.

34. Similarly-situated younger employees have been treated more favorably than Klause in discipline.

35. The reasons put forth by Defendant for terminating Klause are pretextual.

## Count III: Disability Discrimination

36. Plaintiff hereby incorporates paragraphs one (1) through thirty-five (35) of her Complaint.

37. Defendant unlawfully terminated Klause because she has a disability.

38. Defendant's stated reasons for terminating Klause are pretextual.

39. Defendant's discrimination against Klause was done in reckless disregard for Klause's federally protected rights.

40. Actions of Defendant caused Klause both emotional and economic harm.

41. Intentional and unlawful employment actions of Defendant have violated Plaintiff's rights as they are protected by the Americans with Disabilities Act (ADA), as amended 42 U.S.C. § 12101 et seq.

## Count IV: FMLA Retaliation

42. Klause incorporates all of the allegations set forth in paragraphs one (1) through forty-one (41) of this Complaint.

40. Klause properly notified Defendant of her need for leave for FMLA-qualifying reasons.

41. Defendant unlawfully discriminated against and retaliated against Klause in violation of the FMLA.

42. Defendant terminated Klause in retaliation for her exercising her rights under the FMLA.

43. Retaliation by Defendant against Klause violated the FMLA, 29 U.S.C. §2615(a) by discriminating against her due to her attempts to exercise her rights under the FMLA.

44. Actions by Defendant were intentional, willful, done in bad faith, and in reckless disregard of Klause' federally protected rights under the FMLA.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Ursula Klause, respectfully requests that this Court enter judgment in her favor and provide her the following relief:

1. Reinstatement to her prior position, salary, seniority, and benefits, or pay front pay in lieu of reinstatement;

2. Enjoin Defendants from future violations of Title VII, the ADEA, the ADA and the FMLA;

3. All lost wages, benefits, compensation, and monetary loss suffered as a result of Defendants' unlawful actions;

4. Compensatory, consequential, and punitive damages;

5. Liquidated damages for intentional violations of the ADEA and the FMLA;

6. All attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief to which she is entitled.

          Respectfully submitted,


John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:   (317) 955-9500
Facsimile:   (317) 955-2570
E-Mail:   jhaskin@jhaskinlaw.com
E-Mail:   plogan@jhaskinlaw.com
Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Ursula Klause, by counsel, and demands a trial by jury on all issues deemed so triable.

          Respectfully submitted,


John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:   (317) 955-9500
Facsimile:   (317) 955-2570
E-Mail:   jhaskin@jhaskinlaw.com
E-Mail:   plogan@jhaskinlaw.com
Attorneys for Plaintiff